# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# (BID PROTEST)

| | |
|---|---|
| LOYAL SOURCE GOVERNMENT SERVICES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant. | Case No. 24-cv-01001 <br><br> Judge Edward H. Meyers |

## VIGHTER, LLC'S MOTION TO INTERVENE

Pursuant to Rule 24 of the Rules of the United States Court of Federal Claims ("RCFC"), Vighter, LLC ("Vighter") respectfully submits this Motion to Intervene (the "Motion") as a Defendant-Intervenor in the above-captioned bid protest. Counsel for Vighter has conferred with counsel for Defendant, United States, and counsel for Plaintiff, Loyal Source Government Services, LLC ("Loyal Source"). Defendant does not take a position, and does not object to Vighter intervening in these proceedings. Loyal Source, however, has stated that it intends to oppose Vighter's intervention. As detailed herein, the law entitles Vighter to intervene as of right or (alternatively) permissively in the above-captioned case.

## I.      ARGUMENT

RCFC 24 recognizes two bases for intervention: intervention as a matter of right under RCFC 24(a) and permissive intervention under RCFC 24(b). The "requirements for intervention are to be construed in favor of intervention." *Cherokee Nation of Okla. v. United States*, 69 Fed. Cl. 148, 152 (2005) (citing *Am. Mar. Transp., Inc. v. United States*, 870 F.2d 1559, 1561 (Fed. Cir. 1989)). Consistent with the plain language of RCFC 24 and the court's policy favoring

intervention, the Court should permit Vighter to intervene in this protest either as of right or permissively.

### A. VIGHTER IS ENTITLED TO INTERVENE AS A MATTER OF RIGHT.

Under RCFC 24(a)(2), "the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

The Federal Circuit has established a four-part test to intervene as of right under RCFC 24(a)(2): (1) the motion must be timely; (2) the movant must claim an interest in the property affected by the case; (3) the interest claimed must be "'of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment'" and (4) the movant must demonstrate that the claimed interest is not adequately represented by the current parties. *Wolfsen Land & Cattle Co. v. Pac. Coast Fed'n of Fishermen's Associations*, 695 F.3d 1310, 1315 (Fed. Cir. 2012).

Under these standards, Vighter is entitled to intervention as a matter of right.

#### 1. Vighter Timely Files this Motion to Intervene.

Vighter timely files this Motion one month after the protest was initiated and before the submission of any briefing on the merits. Intervention will not prejudice the current parties as Vighter will comply with the existing schedule for this litigation.

#### 2. Vighter Has an Interest in the Transaction at Issue.

Vighter's interest in this protest are two-fold.

**First**, Loyal Source's allegations directly affect Vighter's prospects of receiving award. Vighter is a prospective bidder and a competitor for the services under the Solicitation. Vighter

was also the awardee under Solicitation No. 70B03C22Q00000081 before the Agency took corrective action in connection with another related protest. (*See* Compl. ¶ 16.) Additionally, Loyal Source has made multiple allegations against Vighter in connection with this procurement. Loyal Source's redacted Complaint references its preceding GAO protest which alleged Vighter suffered from an unmitigated organizational conflict of interests ("OCI"), and which Loyal Source has alleged should eliminate Vighter from participating in the procurement at issue. (*See* Compl. ¶ 26.) The current iteration of Loyal Source's protest attaches multiple documents alleging that Vighter suffers from an OCI and further asserts that Vighter has received unduly favorable treatment from the Agency in violation of FAR 1.602-2.

Vighter is entitled, therefore, to intervene to establish that Loyal Source's contentions are wrong especially in light of Vighter's prior award for the same requirement at issue in this protest. *See, e.g., CHE Consulting, Inc. v. United States*, 71 Fed. Cl. 634, 635 (2006) (finding prospective bidder had a right to intervene in a pre-award protest as a matter of right: "Under [the Administrative Disputes Resolution Act of 1996 ('ADRA')], interested parties have been granted a legally protected interest in solicitations and contract awards.").

**Second**, Vighter has an interest in protecting the proprietary nature of documents likely to be disclosed to Loyal Source as part of the Administrative Record in this matter. This Court has held that a party's desire to protect its "trade secrets and proprietary information are the very type of interest the protection of which justifies intervention under Rule 24(a)." *Northrop Grumman Info. Tech., Inc. v. United States*, 74 Fed. Cl. 407, 414 (2006). Given this procurement's extensive history, it is reasonable to believe that the record will include sensitive and proprietary information from Vighter, which Vighter is in the best position to identify and protect.

### 3. This Protest Affect's Vighter's Interests.

As shown above, Vighter has legally protectible interests. This Court's disposition of Loyal Source's protest may impact whether and how Vighter will be able to compete under the Solicitation. Indeed, if Loyal Source accomplishes its aims, Vighter could be (wrongly) eliminated from competition.

### 4. The Current Parties Do Not Adequately Represent Vighter's Interests.

Vighter's interests are not sufficiently represented by the Government.

The "burden of showing the inadequacy of representation clearly is 'minimal.'" *Northrop Grumman Info. Tech., Inc. v. United States*, 74 Fed. Cl. 407, 417 (2006) (citing *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10, (1972)). "The requirement of the Rule is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Trbovich*, 404 U.S. at 538, n.10.

Neither the Plaintiff nor Defendant is positioned to represent Vighter's interests in this matter. Plaintiff through this action seeks to harm Vighter by depriving Vighter of its rights to compete under the Solicitation. Thus, Plaintiff necessarily does not represent Vighter's interests. *See e.g., Coastal Int'l Sec., Inc. v. United States*, 93 Fed. Cl. 502, 526 (2010) (holding that competitors in a procurement do not represent each other's interests).

The Government's interest in defending bid protests typically includes preserving the discretion of agency officials and enabling itself to proceed with procurements without undue delay. Vighter has separate interests that the Government lacks an incentive to defend, namely Vighter's ability to compete for a contract award and ultimately perform the awarded contract. *See Air Borealis Ltd. P'ship v. United States*, 162 Fed. Cl. 778, 782 (2022) ("While the government may well represent citizens when it comes to sovereign interests, the government's interest in

receiving contractual performance and defending its decisions during a procurement is distinct from a contractor's interest in receiving an award and being paid.").

### B. ALTERNATIVELY, THE COURT SHOULD ALLOW VIGHTER TO INTERVENE PERMISSIVELY.

If this Court declines to grant intervention as of right, the Court should allow Vighter to intervene permissively pursuant to RCFC Rule 24(b)(1)(B). Permissive intervention is appropriate when the movant's claims or defenses share a common question of law or fact with the main action, and the intervention will not unduly delay the action or prejudice the rights of existing parties. "The Court's decision regarding permissive intervention is discretionary, and in the absence of an abuse of discretion, the trial court's ruling will be upheld." *The Cherokee Nation of Okla.*, 69 Fed. Cl. at 152 n.3. As explained above, Vighter's Motion is timely; Vighter has an interest in this matter and will raise arguments in defense of that interest that share common questions of law and fact with the main action; the current parties do not adequately represent Vighter's interests; and intervention will not interfere with efficient resolution of this matter or prejudice the rights of existing parties.

Pertinently, Vighter's intervention plainly relates to a common issue of law or fact (i.e., whether Vighter has unfairly received partial treatment from the Government in connection with this procurement) and will only serve to facilitate the efficient resolution of this matter. Accordingly, this Court should exercise its discretion to permit Vighter to intervene pursuant to RCFC 24(b). *See e.g., ACME Worldwide Enters., Inc. v. United States*, 137 Fed. Cl. 469, 477-78 (2018) (granting permissive intervention where doubt existed regarding intervention as of right).

## II. CONCLUSION

For the reasons above, Vighter respectfully requests that the Court grant this Motion and permit Vighter to intervene in this action.

Dated: July 29, 2024

                Respectfully submitted,

                **HOLLAND & KNIGHT LLP**

                s/Sean Belanger
                Sean Belanger, Associate (Counsel of Record)
                800 17th Street, N.W., Suite 1100
                Washington, D.C. 20006
                Phone: (202) 469-5526
                Facsimile: (202) 955-5564
                Email: sean.belanger@hklaw.com

                Terry L. Elling, Partner
                Amy L. Fuentes, Associate
                1650 Tysons Boulevard, Suite 1700
                Tysons, Virginia 22102
                Email: terry.elling@hklaw.com
                Email: amy.fuentes@hklaw.com

                *Counsel for Vighter, LLC*